IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-24201-KMM

OMEGA PATENTS, LLC,

    Plaintiff,

vs.

SKYPATROL, LLC,
and ENFORA, INC.,

    Defendants.
_____/

## ORDER DENYING IN PART DEFENDANT'S MOTION TO SEVER AND TRANSFER VENUE

THIS CAUSE came before the Court upon Defendant's Motion to Sever and Transfer Venue (ECF No. 52). Plaintiff filed a Response (ECF No. 60), Defendant filed a Reply (ECF No. 72), and Plaintiff filed a Sur-Reply (ECF No. 83). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, Response Reply, Sur-Reply, the pertinent portions of the Record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND[1]

The Motion to Sever and Transfer Venue currently before the Court arises within the context of a civil action for patent infringement. United States Patent Nos. 6,512,465; 6,737,989; 6,765,499; 6,972,667; and 7,305,293 (collectively, "the patents in question"), relate to various technologies associated with vehicle tracking. Plaintiff Omega Patents, LLC ("Omega") is the patent licensing arm of Omega Research and Development, Inc. Omega does not have any

---

[1] The facts herein are taken from Defendant's Motion to Transfer Venue; Plaintiff's Response; and Defendant's Reply.

1

offices in Florida, does not conduct any business in Florida, does not have any employees who reside in Florida, and does not otherwise have any contacts with Florida with the exception of the instant action. Defendant Enfora, Inc. is a Delaware corporation with its principal place of business in Richardson, Texas. Defendant Skypatrol, LLC, is a Florida limited liability company and distributes several of Enfora's products under the Skypatrol brand name to Latin America.

On March 12, 2012, Omega filed an Amended Complaint (ECF No. 45) against Defendants. The Complaint alleges that Enfora and Skypatrol have sold vehicle tracking products that infringe the patents in question. Specifically, the Complaint alleges that Enfora's "Spider MT" line of products, and Skypatrol's products bearing the names "Passport," "TT8750," "TT8760, "TT8950," and "Recover Plus," infringe the patents in question. Complicating matters, Plaintiff also alleges Skypatrol's products bearing the names "TT1150" and "TT1950" also infringe Plaintiff's patents. These products are manufactured by Third Party Defendant CalAmp Corporation.

Enfora now motions this Court to sever Enfora from the instant action and transfer the severed action to the Eastern District of Texas, or alternatively, to the Northern District of Georgia.

## II. SEVERANCE

Federal Rule of Civil Procedure 21 provides that "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." At issue is (1) whether Plaintiff's claims against Skypatrol that relate to products manufactured by Enfora should be severed because, as Enfora and Skypatrol both argue, Skypatrol is merely a downstream seller of Enfora's products and has no real connection to Plaintiff's infringement

2

claims; and (2) whether Plaintiff's claims against Skypatrol that relate to products manufactured by Third Party Defendant CalAmp should be severed in light of potential misjoinder.

On September 16, 2011, President Obama signed into law the Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011) (hereinafter the "American Invents Act"). The America Invents Act, *inter alia*, codified a new set of rules governing the joinder of parties in civil actions "arising under any Act of Congress relating to patents," 35 U.S.C. § 299.[2] Pursuant to the American Invents Act, parties accused of patent infringement may be joined in one action as defendants, or have their actions consolidated for trial, only if

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

Title 35 U.S.C. § 299. Parties accused of patent infringement may not be joined "based solely on allegations that they each have infringed the patent or patents in suit." Id. A party, however, may waive the limitations on joinder with respect to that party. Id.

Here, joinder of Enfora and Skypatrol satisfies the conditions of 35 U.S.C. § 299. Plaintiff's claims for infringement arise out of the same series of transaction or occurrences in that Enfora manufactures a product that allegedly infringes the patents in question and then provides the product to Skypatrol, who reconfigures, modifies, and rebrands the same product—using information and documentation provided by Enfora—for distribution under its own name.[3]

---

[2] With the exception of an action in which an act of infringement under 35 U.S.C. § 271(e)(2) has been alleged.
[3] Enfora alerts this Court to a recent decision by the United States Court of Appeals for the Federal Circuit wherein the Federal Circuit held that several companies—all accused of

3

Inherent in this relationship are common questions of fact, such as the nature of the guidance and modifications Skypatrol provides its users relative to the asserted claims against Enfora, and the design and functionality of the product Enforce provides to Skypatrol. Severing Plaintiff's infringement claims would not promote judicial economy or reduce expenses but instead would create two separate but similar infringement actions with the potential for inconsistent outcomes. Thus, this Court denies Enfora's Motion to Sever to the extent it requests this Court sever Plaintiff's claims that relate to products manufactured by Enfora.

Of separate concern is the appropriateness of joinder in light of Plaintiff's claims against Skypatrol that relate to products manufactured by Third Party Defendant CalAmp. Title 35 U.S.C. § 299 allows for the joinder of two parties accused of patent infringement only if "*any* right to relief is asserted against the parties jointly, severally, or in the alternative." Id. (emphasis added). This Court interprets the presence of the word "any" to indicate that so long as joinder is appropriate for one or more claims, misjoinder will not result due to the presence of one or more independent infringement claims against only one of the defendants. Thus, Enfora and Skypatrol are properly joined with respect to all claims contained in Plaintiff's Amended Complaint. An action for infringement against Third Party Defendant CalAmp, however, would result in misjoinder because joinder of Enfora and CalAmp would not satisfy the "same occurrence" or "transaction" requirement contained in 35 U.S.C. § 299. As Plaintiff has not joined CalAmp as a defendant in the instant action, this Court reserves ruling on Enfora's Motion

---

independently offering near identical services that infringed the same patent—could not be joined in a single action because "[t]he sameness of the accused products is not enough to establish that claims of infringement arise from the 'same transaction.'" In re EMC Corp., 677 F.3d 1351, 102 U.S.P.Q.2D (Fed. Cir. 2012). The decision only applies to actions that predate 35 U.S.C. § 299. Even so, the instant action is distinguishable from EMC because Defendants' alleged infringement stems from their manufacture and distribution of the same product, which unlike the services offered by defendants in EMC, did not result by chance or coincidence but rather through an established relationship between Defendants.

4

to Sever to the extent it requests this Court sever Plaintiff's claims against Skypatrol that relate to products manufactured by CalAmp.

## III. TRANSFER

Having decided against severing the instant action, this Court now addresses whether the action should nevertheless be transferred to the Sherman Division of the Eastern District of Texas. On December 7, 2011, President Obama signed into law The Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), and on January 6, 2012 the law took effect. The new law amends 28 U.S.C. § 1404(a) by inserting the words "or to any district or division to which all parties have consented" at the end of the last sentence of § 1404(a). Pub. L. No. 112-63, § 204, 125 Stat. 758, 764 (2011). The amendment permits district courts to transfer a civil action not only to a venue where the action could originally have been brought by the plaintiff, but also to a venue to which all parties have consented. The question of whether to transfer venue is still a two-pronged inquiry, but the first prong is now disjunctive. Thus, the alternative venue must be one in which the action could originally have been brought by the plaintiff *or* one to which all parties have consented. The second prong requires Courts to balance private and public factors to determine whether or not transfer is justified. As the Act only applies to actions commenced on or after January 6, 2012, the amendment is inapplicable to the instant case and pursuant to the operative version of 28 U.S.C. § 1404(a), this Court may only transfer the instant action to the Sherman Division of the Eastern District of Texas if the action could have originally been brought there by Plaintiff. Due to this Court's decision not to sever the instant action, Plaintiff could not have originally initiated this action in the Sherman Division of the Eastern District of Texas because Skypatrol, as a Florida limited liability company, is not subject to

personal jurisdiction in the Eastern District of Texas. Consequently, transfer is inappropriate and an analysis of private and public factors is unnecessary.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that the Defendant's Motion to Sever and Transfer Venue (ECF No. 52) is DENIED IN PART. This Court denies Defendant's Motion to Sever to the extent it requests this Court sever Plaintiff's claims that relate to products manufactured by Enfora. This Court reserves ruling on Enfora's Motion to Sever to the extent it requests this Court sever Plaintiff's claims against Skypatrol that relate to products manufactured by CalAmp. Defendant's Motion to Transfer is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of June, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record